1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11   BULMARIO TORRES,                )   NO. CV 19-7689-CAS(E)
                                     )
12              Petitioner,          )
                                     )
13        v.                         )   ORDER OF DISMISSAL
                                     )
14   S. KERNAN,                      )
                                     )
15              Respondent.          )
     _____    )
16

17

18        On July 1, 2019, Petitioner, a state prisoner, filed a "Petition

19   for Writ of Habeas Corpus" in United States Court of Appeals for the

20   Ninth Circuit.  On August 12, 2019, the Ninth Circuit issued an order

21   stating that an "original petition for a writ of habeas corpus filed

22   pursuant to 28 U.S.C. § 2254" "must be made to the district court."

23   The Ninth Circuit's order transferred the Petition to the United

24   States District Court for the Eastern District of California.  By

25   order filed September 4, 2019, the United States District Court for

26   the Eastern District of California transferred the Petition to the

27   United States District Court for the Central District of California.

28   ///

The Petition seeks to challenge a 2001 Los Angeles County Superior Court criminal judgment (Petition at 2).  Petitioner previously challenged this same Superior Court judgment in a prior habeas petition filed in this Court.  See Torres v. Sherman, CV 17-2745-R(E).  On October 25, 2017, this Court entered Judgment in Torres v. Sherman, CV 17-2745-R(E), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996").  Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals.  See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced").  A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b).  See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).  Petitioner evidently has not yet obtained

///

///

///

authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See <u>Burton v. Stewart</u>, 549 U.S. at 157; <u>Remsen v. Att'y Gen. of Calif.</u>, 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

///

///

///

///

///

///

///

///

///

///

///

///

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Bulmario Torres has obtained any order from the Ninth Circuit under section 2244(b) authorizing the filing of a second or successive habeas petition in the District Court.

This Court does not construe the Ninth Circuit's August 12, 2019 order as such an authorization. Under 28 U.S.C. section 2244(b)(3)(B), only "a three-judge panel of the court of appeals" may grant such an authorization. An "Appellate Commissioner" issued the August 12, 2019 order.

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


    DATED: September 10, 2019.



                    _____
                         CHRISTINA A. SNYDER
                    UNITED STATES DISTRICT JUDGE


PRESENTED this 9th day of

September, 2019, by:


    _____/s/_____
         CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

4